CLARE. E. CONNORS   #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, Criminal Division

CRAIG S. NOLAN
Assistant U.S. Attorney
NICOLE K. HUDSPETH   #11079
Special Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Emails:       Craig.Nolan@usdoj.gov
              Nicole.Hudspeth@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2023

at  9  o'clock and  40  min.  u  M  ayu
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NOS. 20-00049 DKW |
| | 23-00056 DKW |
| Plaintiff, | |
| | MEMORANDUM OF PLEA |
| vs. | AGREEMENT |
| | |
| JASON MATSUSHIGE, | DATE:  October 16, 2023 |
| | TIME:  9:00 a.m. |
| Defendant. | JUDGE: Derrick K. Watson |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, JASON MATSUSHIGE, and his

attorney, Caroline M. Elliot, Esq., have agreed upon the following:

## THE CHARGES

1.      The defendant acknowledges that he has been charged:

        a.      in the Indictment in CR 20-00049 DKW with violating Title 21,

United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United

States Code, Section 924(c)(1); and

        b.      in the Indictment in CR 23-00056 DKW with violating Title 21,

United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

2.      The defendant has read the charges against him contained in the

Indictments, and those charges have been fully explained to him by his attorney.

3.      The defendant fully understands the nature and elements of the crimes

with which he has been charged.

## THE AGREEMENT

4.      The defendant will enter a voluntary plea of guilty to Count 1 of the

Indictment in CR 20-00049 DKW and to the single Count of the Indictment in CR

23-00056 DKW, which charge him with possessing with intent to distribute 100

grams or more of a substance containing heroin (Count 1 in CR 20-00049 DKW)

and conspiring to distribute and possess with intent to distribute one kilogram or

more of a substance containing heroin (Count in CR 23-00056 DKW).   In return,

2

the government agrees to move to dismiss Count 2 of the Indictment in CR 20-00049 DKW as to the defendant after sentencing.

5.      The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.      The defendant enters this plea because he is in fact guilty of possessing with intent to distribute 100 grams or more of a substance containing heroin as charged in Count 1 of the Indictment in CR 20-00049 DKW, and conspiring to distribute and possess with intent to distribute one kilogram or more of a substance containing heroin as charged in the Indictment in CR 23-00056 DKW, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.      The defendant understands that the penalties for the offenses to which he is pleading guilty include:

a.      As to Count 1 in CR 20-00049 DKW, a term of imprisonment of not less than 5 years and not more than 40 years and a fine of up to $5,000,000, plus a term of supervised release of not less than 4 years and up to life.

b.      As to the Count in CR 23-00056 DKW, a term of imprisonment of not less than 10 years and not more than life and a fine of up to $10,000,000, plus a term of supervised release of not less than 5 years and up to life.

3

  c. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

  d. **Forfeiture.**   Pursuant to 18 U.S.C. § 924(d), forfeiture of any firearm(s) or ammunition subject to forfeiture pursuant to 18 U.S.C. § 924(d) in CR 20-00049 DKW.

  e. **Loss of Federal Benefits.**   At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.   If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled

substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

## FACTUAL STIPULATIONS

8.      The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

a.      With regard to CR 20-00049 DKW, on May 12, 2020, in Honolulu, Hawaii, the defendant possessed 333 grams of a substance containing a detectable amount of heroin, a Schedule I controlled substance.   The heroin and a loaded firearm, namely a Smith and Wesson .357 magnum caliber semi-automatic pistol, bearing serial number BKD8084, were seized by law enforcement from defendant's backpack, which was on his person.   On the same date, additional evidence, including firearms, ammunition, and drug-related materials, were seized by law enforcement from the defendant's apartment on Date Street, Honolulu, Hawaii.   The defendant knew the substance in his backpack contained heroin, and he intended to distribute the substance to others.   The Honolulu Police Department Scientific Investigation Section conducted a forensic examination of the substance, confirming a weight of 333 grams and the presence of a detectable amount of heroin in the substance.

b.      With regard to CR 23-00056 DKW, from at least in or about January 2018 to on or about September 10, 2018, in Honolulu, Hawaii and elsewhere, the defendant agreed with others, including Julio Martinez, Bernardo Marquez Diaz, and Villasenor Pantoja, to distribute and possess with intent to distribute one kilogram or more of substances containing a detectable amount of heroin, a Schedule I controlled substance.   During and in furtherance of the charged conspiracy:

i.      the defendant received heroin from his co-conspirators on numerous occasions, including between 5.4 kilograms and 6.2 kilograms of heroin during approximately April 15, 2018 to August 2018, as evidenced by a drug ledger seized from the apartment of co-conspirator Pantoja;

ii.      the defendant distributed that heroin to others in Honolulu, Hawaii;

iii.      the defendant remitted a portion of the proceeds of those sales to his co-conspirators and to the heroin suppliers to the charged conspiracy, including $3,960 in four wire transactions from Honolulu, Hawaii to four different payees in Mexico; and

iv.      the defendant used a cell phone seized from his Honolulu, Hawaii apartment to communicate with his co-conspirators.

6

9.      Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

**SENTENCING STIPULATIONS**

10.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

a.      The defendant admits and stipulates that he is subject to at least the following sentencing guideline provisions:

i.      a base offense level of 32 based on a drug quantity of at least 3 kg and not more than 10 kg of substances containing heroin (collectively in CR 20-00049 DKW and CR 23-00056 DKW), pursuant to U.S.S.G. § 2D1.1(c)(4); and

ii.      a two-point enhancement for possession of the firearm seized from the defendant's backpack in CR 20-00049 DKW, pursuant to U.S.S.G. § 2D1.1(b)(2).

7

b.    As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.   If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.   *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

c.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant.   Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible.   The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

8

11.     The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.   The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that he has the right to appeal his conviction and the sentence imposed.   The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement.   The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

        a.      The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack,

including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

    14.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

      a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party.   The defendant understands that the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial statement.   To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office.   The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case.   The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office.   The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.   The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

       b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report.   The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a

11

period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15. As part of his acceptance of responsibility in CR 20-00049 DKW and pursuant to 18 U.S.C. § 924(d), the defendant agrees as follows:

a. The defendant agrees to forfeit to the United States all of his right, title, and interest in the following property (the "Specific Property"): a Smith and Wesson .357 magnum caliber semi-automatic pistol bearing serial number BKD8084 and associated ammunition, all of which was seized from the defendant's backpack on May 12, 2020.

b. The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearm(s) or ammunition subject to forfeiture pursuant to 18 U.S.C. § 924(d).

c.     The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.   The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

d.     The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of the property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

13

e.      The defendant agrees to waive all interest in the Specific

Property in any administrative or judicial forfeiture proceeding, whether criminal

or civil, state or federal, and to withdraw any claim that the defendant may have

filed in such a proceeding.   The defendant further waives any other notice

requirement that may apply to the administrative and/or civil forfeiture of the

Specific Property.

f.      The defendant understands that the forfeiture of the forfeitable

property does not constitute and will not be treated as satisfaction, in whole or in

part, of any fine, restitution, reimbursement of cost of imprisonment, or any other

monetary penalty this Court may impose upon the defendant in addition to the

forfeiture.

## IMPOSITION OF SENTENCE

16.    The defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability

of any Guideline or any portion thereof, notwithstanding any representations or

predictions from any source.

17.    The defendant understands that this Agreement will not be accepted or

rejected by the Court until there has been an opportunity by the Court to consider a

presentence report, unless the Court decides that a presentence report is

14

unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

18.   The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.   If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b.   If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.   The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the

defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on his own behalf.   If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

   f. At a trial, the defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Indictments necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

19.     The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

### USE OF PLEA STATEMENTS

20.     If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.   The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21.     The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the

defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## **COOPERATION**

22.     The defendant agrees that he will fully cooperate with the United States.

a.      The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

b.      The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.      The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in the Indictments or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

18

d.      The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e.      Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

23.     In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24.     Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to

authorities in the investigation or prosecution of another person who has committed an offense.   Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.   The defendant understands that:

        a.     The decision as to whether to make such a request or motion is entirely up to the prosecution.

        b.     This Agreement does not require the prosecution to make such a request or motion.

        c.     This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

        d.     Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

25.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written

20

proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

26.    To become effective, this Agreement must be signed by all signatories listed below.

27.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

CLARE. E. CONNORS
United States Attorney
District of Hawaii

_____ for        Dated: ___10 | 10 | 2023___
KENNETH M. SORENSON
Chief, Criminal Division

_____        Dated: ___10 | 10 | 2023___
CRAIG S. NOLAN
Assistant U.S. Attorney

_____        Dated: ___10/10/2023___
NICOLE K. HUDSPETH
Special Assistant U.S. Attorney

_____        Dated: ___10/9/2023___
JASON MATSUSHIGE
Defendant

_____        Dated: ___10/9/2023___
CAROLINE M. ELLIOT
Attorney for Defendant